**McFADDEN, Plaintiff,**

v.

**OHIO DEPARTMENT OF TRANSPORTATION, Defendant.**

2004-Ohio-3756.]

Court of Claims of Ohio.

No. 2004–02881–AD.

Decided June 23, 2004.

Shellie McFadden, pro se.

Gordon Proctor, Director, Department of Transportation, for defendant.

DANIEL R. BORCHERT, Deputy Clerk.

{¶ 1} Plaintiff, Shellie McFadden, stated that she was traveling south on Interstate 75 in Hamilton County on February 6, 2004, when her truck was damaged by flying debris. Specifically, plaintiff asserted that her windshield was cracked when it was pelted by salt being applied to the roadway by a snowplow truck owned and operated by defendant, Department of Transportation ("DOT"). Plaintiff explained that both her vehicle and the DOT truck were in the center lane of Interstate 75 just south of the Sharon Road exit when salt emanating from the DOT truck began striking the windshield of plaintiff's truck "very hard." At about milepost 15.18, plaintiff decided to pass the DOT truck to avoid exposure and moved into the left lane of Interstate 75 South. Plaintiff stated that "[u]pon passing the truck, salt struck the windshield of my vehicle, cracking it." Plaintiff recorded that this property-damage incident occurred at approximately 11:15 p.m. on February 6, 2004. Plaintiff has implied that her property damage was caused by negligence on the part of DOT personnel in conducting snow and ice removal on February 6, 2004. Plaintiff has suggested that defendant failed to exercise ordinary care for the safety of other motorists when applying deicing material to the roadway surface of Interstate 75. Plaintiff filed this complaint seeking to recover $347.63, the total cost of a replacement windshield. Plaintiff submitted the requisite material filing fee.

{¶ 2} Defendant acknowledged that DOT work crews were conducting snow removal operations on Interstate 75 at approximately 11:00 p.m. on February 6, 2004. Defendant did not dispute plaintiff's assertion that her vehicle's windshield was cracked when it was pelted by salt dispersed from a DOT vehicle. Defendant did, however, deny any liability in this matter. Defendant suggested that plaintiff's property damage was proximately caused by her own negligent driving in failing to avoid the DOT salt truck. Defendant contended that plaintiff was essentially tailgating the DOT vehicle and, consequently, disregarded her own safety in light of the roadway conditions present.

{¶ 3} On May 27, 2004, plaintiff filed a response to defendant's investigation report. Plaintiff maintained she was traveling at about 45 m.p.h. when defendant's salt truck passed her vehicle and moved into the center lane of Interstate 75 in front of plaintiff. Then, according to plaintiff, the salt truck slowed, causing her to decelerate her vehicle. Plaintiff reasserted that her vehicle was struck with salt dispensed from defendant's truck and that the windshield of her vehicle was cracked by flying salt debris as she attempted to avoid the DOT truck by passing it. Plaintiff insisted that the acts of defendant's personnel caused her property damage.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Dept. of Transp.* (1976), 49 Ohio App.2d 335, 3 O.O.3d 413, 361 N.E.2d 486. However, defendant is not an insurer of its highways. See *Kniskern v. Twp. of Somerford* (1996), 112 Ohio App.3d 189, 678 N.E.2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App.3d 723, 588 N.E.2d 864.

{¶ 5} Further, defendant must exercise due diligence in the maintenance and repair of the highways. *Hennessey v. Ohio Hwy. Dept.* (1985), Ct.Cl. No. 85–02071–AD. This duty encompasses a duty to exercise reasonable care in conducting its roadside maintenance or construction activities to protect personal property from the hazards arising out of these activities. *Rush v. Ohio Dept. of Transp.* (1992), Ct.Cl. No. 91–07526–AD.

{¶ 6} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 423 N.E.2d 467. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State Univ.* (1977), Ct.Cl. No. 76–0368–AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he failed to sustain such burden." *Stevens v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E.2d 198, paragraph three of the syllabus.

{¶ 7} In the instant claim, plaintiff has presented sufficient evidence to prove her property damage was caused by the acts of DOT personnel in conducting snow-removal operations. Consequently, defendant is liable to plaintiff for the cost of a replacement windshield, plus filing fees.

4

{¶ 8} All the evidence in the claim file having been considered and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $372.63, which includes the filing fee. Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.