[Cite as *Leonard v. Ohio Dept. of Transp.*, 2010-Ohio-4585.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TOM LEONARD

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-01638-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1}  Plaintiff, Tom Leonard, filed this action against defendant, Department of Transportation (ODOT), alleging he sustained property damage as a proximate cause of negligence on the part of ODOT in conducting snow removal operations on US Route 20 in Ashtabula County.  Plaintiff described his damage incident relating that he was operating a snow blower on his home driveway, which is located adjacent to US Route 20, when "I hit a steel road reflector that was in my driveway."  Plaintiff further related the "steel road reflector wedged between the snow blower housing and auger which broke the auger drive chain, bent the auger (and) housing."  Plaintiff recalled the damage incident occurred on the morning of January 6, 2010 after a snowstorm. Plaintiff asserted road reflectors from US Route 20 are routinely uprooted and deposited in front of his residence, abutting the roadway, from snow removal operations conducted by ODOT.  Plaintiff explained he maintains a long driveway at his residence and consequently uses a snow blower attached to a lawn tractor to remove snow from the driveway, pointing out the driveway area is "too much snow to shovel."  Plaintiff provided photographs depicting dislodged road reflectors and a section of roadway area

where a reflector had been removed. Plaintiff seeks damage recovery in the amount of $1,083.61, the cost of a replacement snow blower device. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of a loose reflector on US Route 20 prior to plaintiff's incident. Defendant argued plaintiff failed to produce any evidence to establish the length of time the reflector had been dislodged from the roadway prior to his January 6, 2010 property damage occurrence. Defendant explained the location of the reflector would correspond to "approximately milepost 6.0 on US 20 in Ashtabula County." Defendant suggested "the debris (reflector) existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant contended plaintiff did not offer evidence to prove his property damage was attributable to conduct on the part of ODOT personnel. Defendant acknowledged ODOT crews conducted snow plowing activities on roads in Ashtabula County on January 5, 2010 and January 6, 2010. US Route 20 was included in the snow plowing activity. Defendant seemingly argued that if this court finds ODOT snow plowing uprooted the pavement marker and proximately caused plaintiff's property damage, DOT should be immune from liability. Defendant further argued that snow plowing that results in hazardous conditions such as loose road reflectors being deposited on the roadway "was necessary and reasonable for the safety of the traveling public and done in a manner consistent with normal standards." Defendant stated R.C. 5501.41[1] grants DOT "the right to remove ice and snow from state highways and the authority to do whatever is necessary to conduct such removal activities." Defendant related, "assuming that a snowplow of Defendant did cause the raised pavement marker to become dislodged, Defendant contends that it is given statutory authority to do whatever is reasonable and necessary to remove snow." Contrary to defendant's argument concerning "whatever is reasonable and necessary," the court finds it is neither reasonable nor necessary to create a dangerous roadway hazard while in the

---

[1] R.C. 5501.41 covering DOT's discretionary authority to remove snow and ice states:

"The director of transportation may remove snow and ice from state highways, purchase the necessary equipment including snow fences, employ the necessary labor, and make all contracts necessary to enable such removal. The director may remove snow and ice from the state highways within municipal corporations, but before doing so he must obtain the consent of the legislative authority of such municipal corporation. The board of county commissioners of county highways, and the board of township trustees on township roads, shall have the same authority to purchase equipment for the

course of performing snow removal activities. *Wertz v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-11656-AD, 2009-Ohio-6605.

{¶ 4} Alternatively, defendant asserted plaintiff failed to prove his snow blower was damaged by a dislodged road reflector. Defendant advised, "Plaintiff could have hit a bottle, tire, rock, or piece of wood" that could have been deposited in his driveway from a third party not affiliated with ODOT. Defendant has denied liability based on the premise the damage-causing object emanated from an unidentified third party and therefore, ODOT had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conduct needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established that some act or omission on the part of ODOT was the proximate cause of plaintiff's injury. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477

{¶ 5} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds the assertions of plaintiff persuasive in regard to the contention his snow blower was damaged by a reflector that was dislodged from the roadway by an ODOT snow plow.

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for

---

removal of and to remove snow and ice as the director has on the state highway system."

sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden. Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 7} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. Additionally, defendant has a duty to exercise reasonable care for the motoring public when conducting snow removal operations. *Andrews v. Ohio Department of Transportation* (1998), 97-07277-AD; *Peters v. Dept. of Transp.*, Ct. of Cl. No. 2008-11630-AD, 2009-Ohio-3031.

{¶ 8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. In the instant claim, plaintiff has offered sufficient proof to establish the damage to his snow blower was proximately caused by the acts of defendant's personnel in conducting snow removal operations. See *McFadden v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-02881-AD, 2004-Ohio-3756; also *Ruminski v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-05213-AD, 2005-Ohio-4223; *Schultz v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-05125-AD, 2008-Ohio-6457.

{¶ 9} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary

that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 10} Plaintiff has proven his property damage was caused by the acts of ODOT personnel.  See *Vitek v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-09258-AD, jud, 2005-Ohio-1071; *Zhang v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-07811-AD, 2008-Ohio-7077; *Barnett v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-08809-AD, 2009-Ohio-1589.  Consequently, defendant is liable to plaintiff for the damages claimed, $1,083.61, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TOM LEONARD

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-01638-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE

## DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $1,108.61, which includes the filing fee.  Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Tom Leonard
6543 North Ridge Road East
Geneva, Ohio  44041

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
5/10
Filed 5/25/10
Sent to S.C. reporter 9/17/10