[Cite as *Sarr v. Ohio Dept. of Transp.*, 2010-Ohio-4958.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NICHOLAS D. SARR

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-01794-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Nicholas D. Sarr, filed this action against defendant, Department of Transportation (ODOT), contending his 2007 Hyundai Sonata was damaged as a proximate cause of negligence on the part of ODOT in maintaining a raised pavement marker (RPM or reflector) on US Route 250 in Erie County. Plaintiff recalled the damage incident occurred on January 5, 2010 at approximately 4:10 a.m. and he located the damage-causing RPM on US Route 250 North "about the 5.5 mile marker." According to plaintiff, as he drove over the RPM it "flew up and struck the driver's side rocker panel on (his car) and broke the rocker panel off below the driver's side rear passenger door." Plaintiff suggested the damage-causing reflector had been uprooted by a snow plow when ODOT personnel conducted snow removal operations on US Route 250. Plaintiff pointed out he is an employee of ODOT and had knowledge ODOT crews conducted snow removal operations on January 5, 2010 before 4:10 a.m. Plaintiff requested damage recovery in the amount of $434.22, the cost of automotive repair needed resulting from the described incident. Plaintiff submitted the $25.00 filing fee and requested reimbursement of that cost along with his damage claim.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of a loose reflector on US Route 250 prior to plaintiff's incident. Defendant argued plaintiff failed to produce any evidence to establish the length of time the reflector had been dislodged from the roadway prior to his January 5, 2010 property damage occurrence. Defendant explained the location of the reflector would correspond to "approximately milepost 5.50 on US 250 in Erie County." Defendant suggested "the debris (reflector) existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant argued plaintiff did not offer sufficient evidence to prove his property damage was proximately caused by negligent maintenance activity on the part of ODOT. Defendant explained the ODOT "Erie County Transportation Manager travels each state highway twice a month in Erie County and looks for potholes, low berms, and other safety hazards and records any deficiencies she finds on Route Inspection Reports." Defendant submitted records reflecting the section of US Route 250 in the vicinity of milepost 5.50 was inspected on December 27, 2009 and January 3, 2010. The records do not show any problems were detected involving loose reflectors.

{¶ 4} Defendant contended plaintiff did not offer evidence to prove his property damage was attributable to conduct on the part of ODOT personnel. Defendant acknowledged ODOT crews conducted snow plowing activities on roads in Erie County continuously from December 30, 2009 to January 6, 2010. US Route 250 was included in the snow plowing activity. Defendant seemingly argued that if this court finds ODOT snow plowing uprooted the pavement marker and proximately caused plaintiff's property damage, ODOT should be immune from liability. Defendant further argued that snow plowing that results in hazardous conditions such as loose road reflectors being deposited on the roadway "was necessary and reasonable for the safety of the traveling public and done in a manner consistent with normal standards." Defendant stated R.C. 5501.41[1] grants ODOT "the right to remove ice and snow from state highways and the

---

[1] R.C. 5501.41 covering DOT's discretionary authority to remove snow and ice states:

"The director of transportation may remove snow and ice from state highways, purchase the necessary equipment including snow fences, employ the necessary labor, and make all contracts necessary to enable such removal. The director may remove snow and ice from the state highways within municipal corporations, but before doing so he must obtain the consent of the legislative authority of such municipal corporation. The board of county commissioners of county highways, and the board of township trustees on township roads, shall have the same authority to purchase equipment for the

authority to do whatever is necessary to conduct such removal activities." Defendant related, "assuming that a snowplow of Defendant did cause the raised pavement marker to become dislodged, Defendant contends that it is given statutory authority to do whatever is reasonable and necessary to remove snow." Contrary to defendant's argument concerning "whatever is reasonable and necessary," the court finds it is neither reasonable nor necessary to create a dangerous roadway hazard while in the course of performing snow removal activities. *Wertz v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-11656-AD, 2009-Ohio-6605.

{¶ 5} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds the assertions of plaintiff persuasive in regard to the contention the reflector was dislodged from the roadway by an ODOT snow plow.

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden. Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 7} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an

removal of and to remove snow and ice as the director has on the state highway system."

insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. Additionally, defendant has a duty to exercise reasonable care for the motoring public when conducting snow removal operations. *Andrews v. Ohio Department of Transportation* (1998), 97-07277-AD; *Peters v. Dept. of Transp.*, Ct. of Cl. No. 2008-11630-AD, 2009-Ohio-3031.

{¶ 8} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. In the instant claim, plaintiff has offered sufficient proof to establish the damage to his vehicle was proximately caused by the acts of defendant's personnel in conducting snow removal operations. See *McFadden v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-02881-AD, 2004-Ohio-3756; also *Ruminski v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-05213-AD, 2005-Ohio-4223; *Schultz v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-05125-AD, 2008-Ohio-6457.

{¶ 9} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 10} Plaintiff has proven his property damage was caused by the acts of ODOT personnel. See *Vitek v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-09258-AD, jud, 2005-Ohio-1071; *Zhang v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-07811-AD, 2008-

Ohio-7077; *Barnett v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-08809-AD, 2009-Ohio-1589. Consequently, defendant is liable to plaintiff for the damages claimed, $434.22, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NICHOLAS D. SARR

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-01794-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $459.22, which includes the filing fee. Court costs are

assessed against defendant.

                                    DANIEL R. BORCHERT
                                    Deputy Clerk

Entry cc:


Nicholas D. Sarr                    Jolene M. Molitoris, Director
1313 Carr Street                    Department of Transportation
Sandusky, Ohio  44870               1980 West Broad Street
                                    Columbus, Ohio  43223
RDK/laa
5/18
Filed 6/14/10
Sent to S.C. reporter 10/11/10